UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GENZYME CORPORATION,            )
                                )
            Plaintiff,           )   CIVIL ACTION NO.
                                )   11-10636-DPW
v.                              )
                                )
SEIKAGAKU CORPORATION, ZIMMER   )
HOLDINGS INC., ZIMMER, INC.,    )
and ZIMMER U.S., INC.,          )
                                )
            Defendants.         )

## VERDICT

1. <u>Infringement</u>

Do you find that Genzyme has shown by a preponderance of the evidence that use of the Defendants' Gel One product by physicians falls within the "residence half-life" limitation of claim 5 of the '030 patent?

Answer "YES" OR "NO".  ___NO___

-1-

2.  Invalidity-Anticipation

Do you find that Defendants have shown by clear and convincing evidence that claim 5 of the '030 patent was anticipated by Durolane?

Answer "YES" OR "NO":            NO

3.  Invalidity-Obviousness

Do you find that Defendants have shown by clear and convincing evidence that any of the asserted claims of the '030 patent was obvious in light of the prior art?

Answer "YES" OR "NO" with respect to each of the asserted claims:

| | |
|---|---|
| claim 5 | YES |
| claim 7 | YES |
| claim 8 | YES |
| claim 32 | YES |

4. Invalidity-Enablement

Do you find that Defendants have shown by clear and convincing evidence that claim 5 of the '030 patent is invalid due to lack of enablement?

Answer "YES" OR "NO":     NO

5. Invalidity - Indefiniteness

Do you find that Defendants have shown by clear and convincing evidence that claim 5 of the '030 Patent is indefinite in that results of the claimed methods of determining half life vary so greatly that it would be uncertain whether the outcome would fall within the residence half-life limitation of Claim 5 as construed by the Court?

Answer "YES" OR "NO":     NO

8/3/12
DATE

Sarin Poirier
FOREPERSON